In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-15-00433-CR
_____

CHRISTOPHER ELIAS SETH, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 4
Montgomery County, Texas
Trial Cause No. 14-301290

MEMORANDUM OPINION

A jury convicted appellant, Christopher Elias Seth, of the misdemeanor offense of Driving While Intoxicated ("DWI"). *See* Tex. Pen. Code Ann. § 49.04(a) (West Supp. 2016). Seth appeals his conviction, and in his sole appellate issue, he complains that the trial court improperly admitted a trial subpoena into evidence. We affirm the trial court's judgment.

1

## I. Background

This case arose out of an incident wherein police were called by the manager of a fast food restaurant in Conroe, Texas, after she witnessed a man who appeared to be intoxicated exit the driver's side of a vehicle that was blocking the drive-thru lane. The first responding officer arrived and made contact with Seth on the front patio of the restaurant. Seth provided identification and informed the officer several times that he was drunk. When the second officer arrived, Seth admitted to her that he had driven there from The Woodlands. The officers administered field sobriety tests, then placed Seth under arrest and brought him to jail. The officers obtained a sample of Seth's blood after a search warrant was granted by an on-call Judge.

The State originally charged Seth by information with misdemeanor driving while intoxicated, alleging that "on or about October 12, 2014, in Montgomery County, Texas, CHRISTOPHER ELIAS SETH . . .,while operating a motor vehicle in a public place, was then and there intoxicated[.]" Before the case proceeded to trial, the State amended the information to add that "at the time of analysis of a sample of [Seth]'s breath or blood, [Seth] had an alcohol concentration of 0.15 or more[.]" The addition of an allegation regarding the blood alcohol level has the legal effect of enhancing the offense from a Class B misdemeanor to a Class A misdemeanor. *See* Tex. Pen. Code Ann. § 49.04(b), (d). However, after a

"scheduling issue" during the trial resulted in the inability of the State to secure the testimony of its blood analyst, the State ultimately abandoned the enhancement paragraph and the case proceeded solely on the Class B charge as originally filed. The jury found Seth guilty of the charge, sentenced him to confinement in the Montgomery County Jail for a period of 180 days, and assessed a fine of $2,000.

## II. Admission of the Subpoena

After it became known to the State during the trial that their analyst would not be available to testify before the case was ready to be concluded, the State offered into evidence the subpoena it had issued to the analyst. The State explained to the trial court that the purpose for its request was so that it would be able to discuss with the jury in closing arguments why the evidence regarding Seth's blood alcohol level was not presented during the trial as the State's opening statement had suggested it would be. Seth objected to admission of the subpoena on the ground of relevance. The trial court overruled the objection, acknowledging that it, too, had made reference to the analyst in discussing scheduling with the jury, and admitted the subpoena.

On appeal, Seth argues that the trial court erred in overruling his objection and admitting the subpoena into evidence because it was not relevant. *See* Tex. R. Evid. 401 ("Evidence is relevant if: (a) it has a tendency to make a fact more or less

3

probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."). More specifically, Seth argues that there is no direct or logical connection between the subpoena and the proposition that Seth was driving while intoxicated. Assuming, without deciding, that the trial court erred in admitting the challenged subpoena as evidence over Seth's relevance objection, we conclude that Seth did not show, nor even allege, actual harm resulting from the evidence.

A violation of evidentiary rules that results in the erroneous admission of evidence is non-constitutional error that must be disregarded if it "does not affect substantial rights[.]" *Delane v. State*, 369 S.W.3d 412, 423 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) (describing the required "harm analysis" as set out in Texas Rule of Appellate Procedure 44.2(b)) (quoting *Taylor v. State*, 268 S.W.3d 571, 592 (Tex. Crim. App. 2008). Thus, an evidentiary error only constitutes reversible error "when it has a substantial and injurious effect or influence in determining the jury's verdict." *Taylor*, 268 S.W.3d at 592. The erroneous admission of evidence is deemed harmless when other evidence that has been properly admitted proves the same fact. *Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999); *see also Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998) ("Our rule . . . is that overruling an objection to evidence will not result

4

in reversal when other such evidence was received without objection, either before or after the complained-of ruling.")

In this case, Seth argues that "[t]he only logical conclusion that the jury could draw from the subpoena was that the analyst was supposed to be there, and if he was, the evidence would be bad for [Seth]." Logically, the only evidence the analyst could provide that would be detrimental to Seth was the level of alcohol in Seth's blood. However, the precise level of alcohol in the blood ceased to be an issue when the State abandoned the enhancement provision of a blood alcohol level of over 0.15, as was made clear to the jury in closing arguments. Further, the record makes clear that the issue Seth was arguing before the trial court was not whether he was intoxicated, but whether or not the State had proven that he was driving a motor vehicle. There was no dispute whatsoever as to whether or not Seth was intoxicated. In the body-cam video of the first responding officer, which was admitted without objection and viewed by the jury, Seth advised the officer no less than five separate times in the first fifteen minutes of their encounter that he had had a lot to drink, and was drunk. Moreover, Seth's counsel conceded in his questioning of one of the officers that Seth was undisputedly and highly intoxicated:

> [SETH'S COUNSEL]:    Okay. I think one of the -- something we can all agree on is that the person that we see on that video is intoxicated, right?

5

[OFFICER]: Yes, sir.

[SETH'S COUNSEL]: In fact, would you agree with me that person is highly intoxicated?

[OFFICER]: Yes, sir.

He then reminded the jury in his closing argument, that "you heard me concede it. As far as the element, was he intoxicated while he was on that screen? Absolutely." Accordingly, even if the jury did draw any inference or conclusion about Seth's intoxication from the State's subpoena of the blood analyst, it would merely have been cumulative of evidence already admitted proving an undisputed fact. Accordingly, Seth has failed to demonstrate, and we fail to find, any actual harm from the admission of the subpoena. We therefore overrule Seth's appellate issue and affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on June 7, 2017
Opinion Delivered July 19, 2017
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.

6